Aimee G. Hamoy, State Bar No. 221228
Erica Summan, State Bar No. 326955
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604-0119
---
1901 Harrison Street, Suite 1400
Oakland, California  94612-3523
Telephone:      (510) 444-6800
Facsimile:      (510) 835-6666
Email: ahamoy@burnhambrown.com
          esumman@burnhambrown.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHELLE LEWIS,<br><br>        Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and DOES 1-20,<br><br>        Defendants. | No.<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

   PLEASE TAKE NOTICE that Defendant TARGET CORPORATION (referred to herein as "Defendant"), by and through their attorneys of record, hereby remove to this Court the state court action described below.

   1.   On or about October 29, 2020, Plaintiff LACHELLE LEWIS ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Mateo, under case number 20-CIV-04751 (the "Action"), naming Target Corporation as Defendant.  [See Plaintiff's Complaint, attached hereto as **Exhibit A**.]

   2.   Plaintiff's Complaint contains One Cause of Action: General Negligence.

   3.   This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which requires

a Notice of Removal to be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." Moreover, under 28 U.S.C. § 1446(b)(3), "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service of otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4.  Plaintiff completed service of the Complaint on Target Corporation on October 29, 2020.  Defendant served Plaintiff with a Request for Statement of Damages on December 15, 2020. On January 14, 2021, Plaintiff served their Statement of Damages to Defendant whereby Plaintiff Lachelle Lewis claims $500,000 in general damages and $320,000 in special damages. [See Plaintiff's Statement of Damages, attached hereto as **Exhibit B**.] This was Defendant's first notice that Plaintiff sought damages beyond the $75,000 threshold. Under 28 U.S.C. § 1446(b)(3), Target Corporation has until February 15, 2021 to exercise its right to remove.  The filing of this Notice of Removal is therefore timely.

5.  Target Corporation filed an Answer to the Complaint in San Mateo Superior Court.  [See Defendant's Answer, attached hereto as **Exhibit C**.]

## JURISDICTION

6.  This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and which may be removed to this Court by Target Corporation pursuant to 28 U.S.C. section 1444(b) because it is a civil action between citizens of different states and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Plaintiff and Defendant, are, and have been, citizens of different states at all times, and therefore, complete diversity exists in this action, as stated below:

7.  **Plaintiff's Citizenship**: Plaintiff is a resident of the State of California and resides in San Francisco, CA. For purposes of evaluating diversity, a person is a "citizen" of the state in which he or she is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th

Cir. 1983); see also *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place she resides with the intent to remain.) Accordingly, Plaintiff is a citizen of the State of California.

8. **Defendant Target Corporation's Citizenship**: For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the State. . .where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Defendant Target is a corporation incorporated under the laws of the State of Minnesota, with its headquarters and its principal place of business in Minneapolis, Minnesota. Target's Executive Officers and senior management, including, but not limited to, the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Legal Officer, Chief Marketing Officer, Chief Human Resources Officer, and Chief Stores Officer, were and are located at Target Headquarters in Minnesota.  At all times material hereto, Target's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development, were and are performed at and promulgated from Target Headquarters in Minnesota.  Accordingly, Target is a citizen of Minnesota. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed.)

9. As noted above, Plaintiff's Complaint alleges cause of action of General Negligence.

10. Because Plaintiff is a citizen of a state different than Target Corporation diversity exists for purposes of establishing jurisdiction. See 28 U.S.C. § 1332(a)(1).

### AMOUNT IN CONTROVERSY EXCEEDING $75,000

11. This Court has jurisdiction over this case because the amount placed in controversy by each Plaintiff's alleged claims, based on their written discovery responses,

exceeds $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

12. It is apparent from Plaintiff's Statement of Damages from January 14, 2021 that Plaintiff Lachelle Lewis is claiming total damages of $820,000 comprised of $500,000 in general damages and $320,000 in special damages. Thus Plaintiff's damages claims satisfy the amount-in-controversy requirement to invoke federal diversity jurisdiction.

## NOTICE TO PLAINTIFF AND STATE COURT

13. Pursuant to 28. U.S.C. section 1446(d), contemporaneously with the filing of this Notice of Removal with this Court, written notice of such filing will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the County of Sonoma Superior Court. (See Notice to Adverse Parties attached hereto as **Exhibit D**; Certification of Interested Parties, attached hereto as **Exhibit E**.)

## NOTICE TO ADVERSE PARTIES

14. Notice to Adverse Party of Notice of Removal is contemporaneously filed in Action No 20-CIV-04751 of the San Mateo County Superior Court. [See Notice to Adverse Party, attached hereto as **Exhibit D**.]

15. Pursuant to the provisions of 28 U.S.C. § 1446, Defendants attach herewith and incorporate herein by reference, copies of the following documents served by the parties in this action:

a) Plaintiff's Complaint [**Exhibit A**].

b) Defendants Target Corporation's Answer to Plaintiff's Complaint [**Exhibit C**].

c) Notice to Adverse Parties of Notice of Removal [**Exhibit D**].

## PRAYER

WHEREFORE, TARGET CORPORATION prays that the above-entitled action, formerly pending in the Superior Court of California, County of San Mateo, be removed therefrom to the United States District Court for the Northern District of California and that this action proceed in that Court as an action properly removed thereto.

///

///

**DEMAND FOR JURY**

Defendant Target Corporation hereby demand a jury for all claims in this action.

DATED: January 25, 2021                BURNHAM BROWN

By /s/ Aimee G. Hamoy
   AIMEE G. HAMOY
   ERICA SUMMAN
   Attorneys for Defendant
   TARGET CORPORATION